IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00756-BNB

STEVEN R. WILSON,

Plaintiff,

v.

GOVERNOR BILL RITTER,
DOC EXECUTIVE DIRECTOR ARISTEDE [sic] W. ZAVARAS,
WARDEN RAE TAMME,
LT. RYAN BEZONA,
CMC ACC SGT. MATHIS, and
CMC ACC CO-I WAGNER,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 13 2010

GREGORY C. LANGHAM
CLERK

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Steven R. Wilson, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Arrowhead Correctional Center in Cañon City, Colorado. Mr. Wilson filed *pro se* a complaint pursuant to 42 U.S.C. § 1983 for money damages. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe Mr. Wilson's filings liberally because he is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Wilson will be directed to file an amended complaint.

Mr. Wilson asserts three claims concerning his legal mail.

As his first claim, he contends that Sargent Mathis, Correctional Officer Wagner, and unnamed staff rejected mail from the United States Supreme Court pertinent to his request for certiorari review of the March 25, 2009, order denying certificate of appeal ability entered by United States Court of Appeals for the Tenth Circuit in his appeal in *Wilson v. Step*, No. 08-CV-00884-ZLW (D. Colo. Oct. 9, 2008). In No. 08-CV-00884-ZLW, this Court denied Mr. Wilson's habeas corpus application pursuant to 28 U.S.C. § 2254, and dismissed the action as barred by the one-year limitation period in 28 U.S.C. § 2244(d). Mr. Wilson maintains that the United States Supreme Court allowed him a ninety-day extension of time, up to and including September 24, 2009, in which to file his certiorari petition, and that from June 11, 2009, through September 24, 2009, the prison mail room rejected several letters from the United States Supreme Court but did not notify him. Mr. Wilson fails to allege how he was injured by the rejection of his mail from the Supreme Court.

As his second claim, Mr. Wilson asserts that Sargent Mathis, Correctional Officer Wagner, and unnamed staff rejected mail from the United States Court of Appeals for Veterans Claims, as well as mail from the Secretary of Veterans Appeals on more than six occasions, without informing him. Mr. Wilson fails to allege how he was injured by the rejection of this mail.

As his third claim, Mr. Wilson asserts that Lieutenant Bonasa, Sargent Mathis, Correctional Officer Wagner, and unnamed staff opened his mail from attorneys in Colorado and rejected his mail from attorneys outside of Colorado without informing him. He contends that the mail was rejected based upon envelope deficiencies, such

as lack of his DOC registration number or lack of the attorney's name and attorney registration number. Mr. Wilson fails to allege how he was injured by the rejection of this mail from attorneys.

The amended complaint Mr. Wilson will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Wilson to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes

the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Wilson fails to set forth a short and plain statement of his claims showing that he is entitled to relief. The complaint is both vague and verbose. Although Mr. Wilson asserts three claims for relief, each of which concerns the alleged interference with his legal mail, he sets forth an extended and unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." ***New Home Appliance Ctr., Inc., v. Thompson***, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." ***Id.***

Mr. Wilson will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. Mr. Wilson is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

In the amended complaint he will be directed to file, Mr. Wilson must assert personal participation by each named defendant. ***See Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Wilson must name and show how the named defendants caused a deprivation of his federal rights. ***See Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. ***See Butler v. City of Norman***, 992 F.2d

4

1053, 1055 (10th Cir. 1993). A defendant, such as Governor Bill Ritter, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Wilson may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Wilson uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Wilson, therefore, will be directed to file an amended complaint that states his claims clearly and concisely, asserts what rights were violated, and alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that Plaintiff, Steven R. Wilson, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Wilson, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the amended complaint. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Wilson fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.

DATED July 13, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00756-BNB

Steven R. Wilson
Prisoner No. 100594
CMC-ACC
P.O. Box 300
Cañon City, CO 81215-0300

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 7/13/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk