IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00756-BNB

STEVEN R. WILSON,

Plaintiff,

v.

GOVERNOR BILL RITTER,
DOC EXECUTIVE DIR. ARISTEDE[S] W. ZAVARAS,
WARDEN RAE TAMME,
LT. RYAN BEZONA,
CMC ACC SGT. MATHIS, and
CMC ACC CO-I WAGNER,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 8 2010

GREGORY C. LANGHAM
CLERK

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND MAGISTRATE JUDGE

Plaintiff, Steven R. Wilson, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Arrowhead Correctional Center in Cañon City, Colorado. He initiated this action by filing *pro se* a civil rights complaint for money damages pursuant to 42 U.S.C. § 1983.

On July 13, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Wilson to file within thirty days, on the Court-approved form, an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and asserted the personal participation of each named Defendant. On August 8, 2010, Mr. Wilson submitted an amended civil rights complaint for money damages and injunctive relief.

Mr. Wilson has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe Mr. Wilson's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

Because Mr. Wilson's amended complaint does not include some of the details he asserts in the complaint he originally filed, the Court has referred to both pleadings to explain the first of his three asserted claims concerning his legal mail. "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

As his first claim, Mr. Wilson asserts that he was hindered in his ability to pursue an appeal because Defendants Sergeant Mathis and Correctional Officer Wagner rejected his mail from the United States Supreme Court without notifying him and

Defendant Lieutenant Ryan Bezona denied his grievance concerning the mail rejection. In his original complaint he explained that the rejected mail from the Supreme Court was pertinent to his request for certiorari review of the March 25, 2009, order denying certificate of appealability entered by the United States Court of Appeals for the Tenth Circuit in his appeal in *Wilson v. Estep*, No. 08-cv-00884-ZLW (D. Colo. Oct. 9, 2008). In No. 08-cv-00884-ZLW, this Court denied Mr. Wilson's habeas corpus application pursuant to 28 U.S.C. § 2254, and dismissed the action as barred by the one-year limitation period in 28 U.S.C. § 2244(d). He further explained that the Supreme Court allowed him a ninety-day extension of time up to and including September 24, 2009, in which to file his certiorari petition, and that from June 11, 2009, through September 24, 2009, the several letters from the Supreme Court were rejected, but he was not notified. As a result, he alleges that the appeal was dismissed.

As his second claim, Mr. Wilson asserts that he was hindered in his ability to pursue an appeal concerning military benefits in the United States Court of Appeals for Veterans Claims because Defendants Mathis, Wagner, and Bezona rejected his mail from the appellate court without notifying him. As a result, he alleges he lost the right to appeal the military benefits decision.

As his third claim, Mr. Wilson generally complains that Defendants interfered with his access to the courts by rejecting mail from attorneys, refusing to provide him with the addresses of the attorneys who attempted to contact him, and denying him the ability to seek and obtain assistance from these attorneys for the preparation of pleadings for his Supreme Court and veterans claims appeals.

3

As Magistrate Judge Boland pointed out in the July 13, 2010, order for an amended complaint, Mr. Wilson must assert personal participation by each named Defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Magistrate Judge Boland explained that, to establish personal participation, Mr. Wilson must name and show how the defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). He also explained there must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Magistrate Judge Boland specifically pointed out that a Defendant, such as Governor Bill Ritter, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Wilson has failed to allege the personal participation of Governor Ritter, Aristedes W. Zavaras, the DOC executive director, or Rae Tamme, warden of the Arrowhead Correctional Center, in any of the activities complained about in his three claims. Instead, he appears to be suing these Defendants because he wants Defendants Mathis, Wagner, and Bezona "to write a detailed letter of explaination [sic] to the Director of DOC, CMC-ACC Warden, and the state of Colorado Govenor [sic] of why they rejected such legal mail." Amended complaint at 6. Such an allegation is insufficient to demonstrate the personal participation of Defendants Ritter, Zavaras, and Tamme. Therefore, the claims against these three Defendants will be dismissed as legally frivolous pursuant to § 1915(e)(2)(B), and these Defendants will be dismissed as

parties to this action. The claims against the remaining Defendants, Mathis, Wagner, and Bezona, will be drawn to a district judge and a magistrate judge.

Accordingly, it is

ORDERED that the complaint is dismissed in part and drawn in part. It is

FURTHER ORDERED that the claims asserted against Defendants Governor Bill Ritter, Aristedes W. Zavaras, and Rae Tamme are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

FURTHER ORDERED that Defendants Governor Bill Ritter, Aristedes W. Zavaras, and Rae Tamme are dismissed as parties, and the clerk of the Court is directed to remove their names from this action. It is

FURTHER ORDERED that the claims asserted against Defendants Sergeant Mathis, Correctional Officer Wagner, and Lieutenant Ryan Bezona and the case are drawn to a district judge and a magistrate judge.

DATED at Denver, Colorado, this __18th__ day of __August__, 2010.

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00756-BNB

Steven R. Wilson
Prisoner No. 100594
CMC-ACC
P.O. Box 300
Cañon City, CO 81215-0300

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/18/10

                                    GREGORY C. LANGHAM, CLERK

                                By: _____
                                       Deputy Clerk