IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00756-REB-KLM

STEVEN R. WILSON

    Plaintiff,

v.

LT. RYAN BEZONA,
CMC ACC SGT. MATHIS and
CMC ACC CO-1 WAGNER,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Information for Temporary Restraining Order** [Docket No. 32; Filed October 25, 2010] (the "Motion"), which the Court will consider as a motion for injunctive relief. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.LCivR 72.1C, the matter has been referred to this Court for recommendation. The Court has reviewed the Motion, the entire case file, the applicable law and am sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion be **DENIED**.

### I.     Background

Plaintiff is a prisoner in the custody of the Colorado Department of Corrections ("CDOC") at the Arrowhead Correctional Center. He has brought this *pro se* action pursuant to 42 U.S.C. § 1983 against three prison officials: Lieutenant Bezona, Sergeant

1

Mathis, and Correctional Officer Wagner. Plaintiff alleges that Defendants rejected his legal mail based on deficiencies on the envelope, such as the omission of his DOC registration number, the attorney's name and registration number, or an indication that the material is legal, privileged or confidential. Plaintiff alleges that this decision was erroneous. He further alleges that he was not given the opportunity to contest the decision and that Defendants' actions violated CDOC policy and caselaw. He requests that the Defendants be removed from their "official capacity" pending the outcome of this case.

## II. Analysis

### A. Standard for Injunctive Relief

As a preliminary matter, because Plaintiff is proceeding *pro se*, the Court must construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigants' advocate, nor should the Court "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

Injunctive relief is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting injunctive relief must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id*.

"Because a showing of probable irreparable harm is the single most important

2

prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted). Moreover,

> [b]ecause the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, we have identified the following three types of specifically disfavored preliminary injunctions . . . (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that [he] could recover at the conclusion of a full trial on the merits.

*Schrier*, 427 F.3d at 1258-59 (citations omitted). These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259.

Plaintiff seeks a preliminary injunction which would require Defendants to act and/or otherwise alter the status quo in relation to their dealings with Plaintiff. For these reasons, the injunctive relief sought by Plaintiff "constitutes a specifically disfavored injunction" that "must be more closely scrutinized." *Id.* at 1261. Therefore, "the right to relief must be clear and unequivocal." *Id.* at 1258.

Additionally, I must consider well-established law that prison management functions should be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. *See, e.g.*, *Meachum v. Fano*, 427 U.S. 215 (1976). Courts should grant injunctive relief involving the management of prisons only under exceptional and compelling circumstances. *Taylor v. Freeman*, 34 F.3d at 266, 269-70 & n.2 (4th Cir. 1994); *see also Citizens Concerned for Separation of Church & State v. Denver*, 628 F.2d

3

1289, 1299 (10th Cir. 1980).  Indeed, the Tenth Circuit has stated that it "abhor[s] any situation or circumstance requiring the intervention of the federal courts in matters involving the administration, control and maintenance by the sovereign states of their penal systems. It is a delicate role assigned to the federal courts to display that restraint so necessary 'in the maintenance of proper federal-state relations.'" *Battle v. Anderson*, 564 F.2d 388, 392 (10th Cir. 1977) (citation omitted).  As such, "intervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts. . . . . [This] is especially true where mandatory injunctive relief is sought and only preliminary findings as to the plaintiff's likelihood of success on the merits have been made." *Taylor*, 34 F.3d at 269 (citations omitted).

**B.  Irreparable Injury**

To obtain injunctive relief, Plaintiff must first show that he will suffer irreparable injury if his request for injunctive relief is denied.  *Schrier*, 427 F.3d at 1258.  "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)).  Irreparable harm is more than "merely serious or substantial" harm.  *Id.* (citation omitted).  The party seeking the preliminary injunction "must show that 'the injury complained of is of such *imminence* that there is a clear and present need for equitable relief' to prevent irreparable harm."  *Id.* (citation omitted).  Therefore, to demonstrate irreparable harm, Plaintiff "must establish both that harm will occur, and that, when it does, such harm will be irreparable."  *Vega v. Wiley,* 259 Fed. Appx. 104, 106 (10th Cir. 2007) (unpublished decision).

Plaintiff fails to adequately show that he is facing immediate and irreparable harm.

4

Plaintiff has failed to demonstrate that his claims demonstrate more that "merely serious or substantial harm."

Given that I find no support for Plaintiff's contentions that an irreparable injury is imminent, injunctive relief is subject to denial on this basis alone. *Sampson v. Murray*, 415 U.S. 61, 91-92 (1974) (noting that the failure to show irreparable injury is sufficient ground, by itself, to deny injunctive relief). However, in the interest of completeness, the Court will briefly address the remaining factors applicable to determine whether a preliminary injunction should enter against Defendants.

### C. Balance of Harm and Public Harm

Even if Plaintiff could demonstrate some injury, he must demonstrate that "the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party" and that "the injunction, if issued, would not be adverse to the public interest." *Schrier*, 427 F.3d at 1258. Plaintiff has not addressed or demonstrated whether the alleged harm to him outweighs the potential damage the injunction may cause Defendants or whether an injunction would be adverse to the public interest. Therefore, Plaintiff has failed to meet his burden regarding these two requisite elements.

### D. Substantial Likelihood of Success on the Merits

Finally, Plaintiff must show that he has a substantial likelihood of success on the merits of his claims. *Id.* As noted earlier, Plaintiff alleges that Defendants rejected his legal mail. He does not allege that it is a ongoing process. To set forth a claim of denial of access to the courts, a plaintiff must plead and prove that he actually was impeded in his ability to conduct a particular case. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). That is, an inmate must satisfy the standing requirement of "actual injury" by showing that the

5

denial of legal resources hindered his efforts to pursue a non-frivolous claim. *Id.* at 349-53. To show a cognizable injury sufficient for a plaintiff to seek relief under the First Amendment, he must show that "non-delivery of his legal mail resulted in 'actual injury' by 'frustrat[ing],' 'imped[ing],' or 'hinder[ing] his efforts to pursue a legal claim.'" *Simkins v. Bruce*, 406 F.3d 1239, 1243 (10th Cir. 2005) (citing *Lewis*, 518 U.S. at 351-53 & n.3 (1996)). Finally, conclusory allegations of injury will not suffice. *Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006) (citing *Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th Cir. 1999)).

Here, Plaintiff does not show that Defendants' action in refusing to receive Plaintiff's legal mail resulted in "actual injury" to Plaintiff through frustration or hindrance of his efforts to pursue a legal claim. *Simkins*, 406 F.3d at 1243. Plaintiff fails to specifically address whether he would succeed on the merits of any of his underlying claims. As such, Plaintiff has failed to set forth sufficient proof, at this stage, that he is likely to succeed on the merits of the claims asserted in his Complaint.

### III.     Conclusion

Plaintiff has failed to carry his burden of establishing that the circumstances under which he is currently incarcerated give rise to a substantial risk of irreparable harm or place him in imminent danger. Accordingly, as Plaintiff has failed to satisfy the four prerequisites to obtaining a preliminary injunction, I respectfully **RECOMMEND** that the Motion [#32] be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of the Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is

assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: October 27, 2010

BY THE COURT:

  s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix