IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00756-REB-KLM

STEVEN R. WILSON

    Plaintiff,

v.

LT. RYAN BEZONA,
CMC ACC SGT. MATHIS, and
CMC ACC CO-1 WAGNER,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion Request, or Response Form [sic] of Discovery Motions** [Docket No. 43; Filed January 24, 2011] (the "Motion"). On February 11, 2011, Defendants filed a Response [Docket No. 45] in opposition to the Motion. The Motion seeks to compel Defendants to answer Plaintiff's interrogatories and comply with his requests for the production of documents. *See Motion* [#43] at 4-7 ("Plaintiff's First Set of Interrogatories and Requests for Production of Documents to Defendants"). Defendants respond that although they "did assert numerous objections," they also "attempted to be responsive to Plaintiff's discovery requests" by answering his interrogatories and producing requested documents to the best of their ability. *Response* [#45] at 4. Defendants also state that they cannot defend the appropriateness of their responses to Plaintiff's discovery requests "without having [ ] additional information as to

-1-

how [,] specifically Plaintiff believes the responses are deficient." *Id.* at 4-5. The Court considers Defendants' responses to Plaintiff's interrogatories and requests for production of documents in turn.

### A. Defendants' Answers to Interrogatories

Plaintiff is dissatisfied with Defendants' answers to Interrogatory Nos. 2 - 8. *Motion* [#43] at 1. However, Plaintiff offers no explanation for his dissatisfaction besides noting his opposition to Defendants' objection that these interrogatories are "vague, overly broad, and unduly burdensome." *Id.* After reviewing Defendants' answers [Docket No. 45-1] to the interrogatories, the Court finds that the answers to Interrogatory Nos. 2, 3, 4, 6, 7, and 8 are appropriate. These answers lodged objections for the record while also adequately providing a substantive response to Plaintiff's questions. Because Plaintiff has not specified why he believes the answers are inadequate, the Court has no basis for ordering Defendants to supplement the answers.

With regard to Defendants' answer to Interrogatory No. 5, the Court finds that Defendants should have been more forthcoming. Defendants answered as follows:

> 5. State how offenders who are housed at any CDOC facility are listed in the CDOC database according to the following:
>
>    (a) Last Name
>    (b) First Name
>    (c) Middle
>    (d) DOC Number
>    (e) Race.
>
> ANSWER: Objection. This interrogatory is vague, overly broad, and unduly burdensome. Additionally, the information requested is irrelevant and not likely to lead to the discovery of relevant information. Moreover, there are numerous "CDOC databases." Without waiving the objection, CDOC mailroom employees typically use either DCIS (Department of

> Corrections Information System) or DOCNet, which allows the user to look up offenders by last name, first name, and DOC number.

*Defendants' Answers and Responses* [#45-1] at 5.

While the Court agrees with Defendants that Plaintiff's interrogatory is vague, it disagrees that the interrogatory is overly broad or unduly burdensome. Defendants have failed to provide any information regarding if and how an offender's race is viewable by DCIS and DOCNet users. Accordingly,

IT IS HEREBY **ORDERED** that on or before **February 28, 2011**, Defendants shall supplement their answer to Plaintiff's Interrogatory No. 5 to state if and how offenders who are listed in the DCIS and DOCNet databases are identified by race.

### B. Defendants' Production of Documents

Plaintiff is dissatisfied with Defendants' compliance with his requests for production of documents. *Motion* [#43] at 2. Again, however, Plaintiff fails to explain why he is dissatisfied beyond stating that he believes that the Court should overrule Defendants' general objection that the document requests are vague, overly broad, and unduly burdensome. *See id.* After reviewing the documents [Docket Nos. 45-1, 45-2 & 45-3] produced by Defendants in response to Plaintiff's requests, the Court finds that they adequately provide the information Plaintiff sought. Because Plaintiff has not specified why he believes Defendants' document production is inadequate, the Court has no basis for ordering Defendants to produce additional documents. Accordingly,

IT IS FURTHER **ORDERED** that, as set forth above, the Motion [#43] is **GRANTED in part** and **DENIED in part**.

DATED: February 16, 2011 at Denver, Colorado.

                                             BY THE COURT:

                                             s/ Kristen L. Mix
                                             Kristen L. Mix
                                             United States Magistrate Judge