IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-00756-REB-KLM

STEVEN R. WILSON

      Plaintiff,

v.

LT. RYAN BEZONA,
CMC ACC SGT. MATHIS, and
CMC ACC CO-1 WAGNER,

      Defendants.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for the Production of Documents by Plaintiff Second Request to the Court [sic]** [Docket No. 55; Filed April 29, 2011] (the "Motion"). On March 21, 2011, Plaintiff filed a "Motion for the Request of Discovery Production of Documents to Defendants [sic]" [Docket No. 47]. On April 4, 2011, the Court granted that Motion and ordered Defendants to "produce any correspondence envelopes addressed to Plaintiff that were sent from the United States Supreme Court and the United States Court for Veterans Appeals and received by CDOC during the period from March 1, 2009 to November 1, 2010." *Minute Order* [Docket No. 49]. In response to the Court's Order [#49], Defendants produced Supplemental Responses to Plaintiff's Second Set of Requests for Production of Documents [Docket No. 58-1]. Plaintiff now contends that Defendants' Supplemental Responses are inadequate because they do not

include copies of all correspondence envelopes sent from the United States Supreme Court during the relevant time period. *See Motion* [#55] at 1 ("The Defendants responded with [only] three copies of correspondence from the Office of the Clerk [of the] Supreme Court of the United States."). Plaintiff is satisfied that "Defendants [have] produced copies of all correspondence addressed to [him] from the Veterans' Courts." *Id.* at 2.

In response, Defendants state as follows:

> Attached to the Supplemental Responses [#58-1] as Exhibit A were three envelopes in Defendants' possession. These envelopes were provided by Plaintiff through discovery and Defendants have no other copies of correspondence from the Clerk of the United States Supreme Court. Additionally, other than what was attached to the supplemental responses or what Plaintiff himself has already provided through discovery, Defendants have no other copies of correspondence from the Clerk of the United States Supreme Court[.]

*Response* [#58] at 3, ¶¶ 6-7. In their Supplemental Responses, Defendants stated that they provided "copies of envelopes from the Office of the Clerk of the Supreme Court of the United States that were or may have been intended for Plaintiff." *Supplemental Responses* [#58-1] at 2-3.

Based on Defendants' representations in their Response [#58] and Supplemental Responses [#58-1], the Court finds that they have produced copies of correspondence envelopes in compliance with the Court's April 4, 2011 Minute Order [#49]. *See generally McCargo v. Texas Roadhouse, Inc.*, No. 09-cv-02889-WYD-KMT, 2011 WL 97138, at *3 (D. Colo. Jan. 12, 2011) (unreported decision) ("Because counsel for [defendants] are attorneys and officers of this Court, the Court is entitled to rely on the veracity of their statements." (citations omitted)). Plaintiff has not provided any explanation as to why he believes otherwise. The Court cannot grant a motion to compel on the basis of

unsupported assumption or speculation that additional envelopes exist. *See, e.g., Gross v. Silverberg*, No. 10-cv-00687-REB-BNB, 2010 WL 4320478, at *7 (D. Colo. Oct. 26, 2010) (unreported decision) ("There is no evidence to show that there are additional responsive documents. I cannot compel the production of documents that do not exist."); *cf. Trentadue v. F.B.I.*, 572 F.3d 794, 797-98 (10th Cir. 2009) ("The issue is not whether any further documents might conceivably exist but rather whether the government's search for responsive documents was adequate, which is determined under a standard of reasonableness, and is dependent upon the circumstances of the case."). Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#55] is **DENIED**.

Dated: May 18, 2011

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge