**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-00756-REB-KLM

STEVEN R. WILSON,

    Plaintiff,

v.

LT. RYAN BEZONA,
CMC ACC SGT. MATHIS, and
CMC ACC CO-I WAGNER,

    Defendants.

---

**ORDER ADOPTING RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

This matter is before me on the following: (1) the defendants' **Motion for Summary Judgment** [#50][1] filed April 15, 2011; and (2) the **Recommendation of United States Magistrate Judge** [#61] filed May 23, 2011.  The plaintiff filed objections [#72] to the recommendation, and the defendants filed a response [#75] to the plaintiff's objections.  I overrule the objections, approve and adopt the recommendation, grant the motion for summary judgment, and dismiss this case.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed.  I have considered carefully the recommendation, objections, and applicable caselaw.

---

[1] "[#50]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Because plaintiff is proceeding *pro se*, I have construed his pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers.  **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).  However, I have not acted as an advocate for the plaintiff.

The recommendation is detailed and well-reasoned.  Contrastingly, the plaintiff's objections are imponderous and without merit.

The plaintiff, Steven Wilson, is incarcerated in the Colorado Department of Corrections.  In his complaint, Mr. Wilson, alleges that the defendants violated Mr. Wilson's constitutional rights when the defendants refused to accept legal mail sent to Mr. Wilson at the Arrowhead Correctional Facility.  Mr. Wilson alleges also that he was never notified that the legal mail addressed to him had been rejected.

In their motion for summary judgment, the defendants argue that Mr. Wilson did not exhaust the available administrative remedies before filing this lawsuit.  Complete exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit asserting claims under federal law concerning prison conditions.  42 U.S.C. § 1997e(a).  In her recommendation, the magistrate judge details the evidence in the record that demonstrates that Mr. Wilson did not fully exhaust the available administrative remedies before filing this case.  Mr. Wilson has not come forward with any evidence that demonstrates the existence of a disputed issue of material fact on the issue of exhaustion of administrative remedies.  On this basis, it is proper to grant the defendants' motion for summary judgment.

In his objection [#72], Mr. Wilson argues that he exhausted his administrative remedies.  however, in response to the motion for summary judgment, Mr. Wilson did not produce any evidence that he fully exhausted his administrative remedies. *Recommendation* [#61], p. 12.  The detailed description of the evidence in the recommendation is accurate, and the analysis is correct.  The defendants are entitled to summary judgment based on Mr. Wilson's failure fully to exhaust his administrative remedies.

In his objection [#72], Mr. Wilson objects that the recommendation does not address the issue of qualified immunity or the penological interest raised by the defendants.  In addition, Mr. Wilson asserts that he has shown that he suffered actual injury.  Given Mr. Wilson's failure to exhaust his administrative remedies, which is fatal to the claims he asserts in his complaint, there is no need to address the defense of qualified immunity or the issues of penological interests or actual injury to Mr. Wilson.

**THEREFORE, IT IS ORDERED** as follows:

1. That the objections stated in the **Plaintiff's Response To Recommendation Pursuant To FED. R. CIV. P. 72 Objection** [#72] filed June 20, 2011, are **OVERRULED**;

2. That the **Recommendation of United States Magistrate Judge** [#61] filed May 23, 2011, is **APPROVED** and **ADOPTED** as an order of this court;

3. That the defendants' **Motion for Summary Judgment** [#50] filed April 15, 2011, is **GRANTED**;

4. That this case is **DISMISSED** with prejudice;

5. That **JUDGMENT SHALL ENTER** in favor of the defendants, Lt. Ryan Bezona, CMC ACC Sgt. Mathis, and CMC ACC CO-I Wagner, against the plaintiff, Steven R. Wilson; and

6.  That the defendants are **AWARDED** their costs, to be taxed by the clerk of the court under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated February 27, 2012, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge